UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOSEPH TOWNSEND,**

        **Plaintiff,**

v.                                         **Case No:   6:13-cv-1046-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

# MEMORANDUM OF DECISION

Joseph Townsend (the "Claimant") appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits. Doc. No. 1.  Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) failing to provide substantial evidence supporting the ALJ's credibility determination; 2) failing to demonstrate good cause, supported by substantial evidence for giving little weight to the opinions of Claimant's treating orthopedic surgeon, Dr. William Brennan, and Claimant's primary care physician, Dr. Duane Golomb; and 3) giving the greatest weight to the opinion of a non-examining physician.  Doc. No. 13 at 13-25.  For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.     STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v.*

*Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"  *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.     ANALYSIS.

Claimant argues that the ALJ's credibility determination is not supported by substantial evidence.  Doc. No. 13 at 21-23.  In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms.  By this standard, there must be: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition or (3) evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.  *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in

deciding the issue of disability." *Foote*, 67 F.3d at 1561; 20 C.F.R. § 404.1529.[1]   Thus, once the pain standard is satisfied, the issue becomes one of credibility.

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Foote*, 67 F.3d at 1561. "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Id.* at 1561-62; *see also* SSR 96-7p, 1996 WL 374186, at *2 ("It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1562. The lack of a sufficiently explicit credibility finding may give grounds for a remand if the credibility is critical to the outcome of the case. *Id.*

At step two of the sequential evaluation process, the ALJ found that Claimant's "disorder of the lumbar spine" is a severe impairment. R. 14. Ultimately, the ALJ found that Claimant retains the residual functional capacity (the "RFC") to do the following:

---

[1] Social Security Ruling 96-7p provides: "2. When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.

3. Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

4. In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96-7p, 1996 WL 374186, at *1 (1996).

> [T]he claimant has the [RFC] to perform less than light work. . . . The claimant is capable of: occasionally lifting/carrying twenty pounds; frequently lifting/carrying 10 pounds; standing or walking six hours of an eight hour workday; and sitting six hours of an eight hour workday. He requires the option to sit or stand. The claimant should avoid ladders, unprotected heights, and heavy, moving machinery. He is limited to occasionally bending, stooping, kneeling, crouching, and crawling. The claimant should also avoid the operation of foot controls.

R. 15. Thus, the ALJ found that Claimant can perform a reduced range of light work.

In determining the Claimant's RFC, the ALJ provided a summary of Claimant's testimony, stating:

> The claimant's allegations include the inability to work due to back pain. The claimant testified he last worked in October of 2009. The claimant explained that he was unable to return to his job in structural steel fabrication after his second back operation. He has not looked for work since that time.
>
> The claimant testified he cannot work because he fears further injury to his back. The claimant's second and last operation on his back was in February of 2010. He explained that his pain is constant. The claimant rated his pain as a 5-6 on a scale of 10. He is prescribed Tramadol and he testified that his medications help. He has also had injections for his back.
>
> During the day, the claimant watches television. He is able to help with housework. He is able to cook, wash dishes, make the bed, and sweep. He occasionally takes out the trash. The claimant does not do laundry, vacuum, or mop. The claimant testified that he helps his wife carry packages at the grocery store. The claimant enjoys fishing from the bank, but has only gone three times since July of 2011. He explained he visits his parents who live three miles away at least two times per week.

R. 15-16.[2] Immediately following this summary, the ALJ proceeded to address Claimant's credibility, stating:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the

---

[2] At the hearing, the Claimant also testified that the pain in his back radiates into his lower extremities. R. 41.

>   claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

R. 16. Thereafter, the ALJ proceeded to discuss the general medical record, including Claimant's two prior back surgeries in 2007 and 2010 (R. 16), Claimant's treatment records with Drs. Brennan and Golomb (R. 16-17), a March 4, 2012 computerized tomography scan ("CT") of Claimant's lumbar spine (R. 17), an April 6, 2012, magnetic resonance imaging scan ("MRI") of Claimant's lumbar spine (R. 17), and the ALJ's findings with respect to the opinion evidence (R. 17-18). Notably, the ALJ accurately reported the following with respect to the March 4, 2012, CT scan:

>   A CT of the claimant's lumbar spine . . . showed mild stenosis at L2-L3 secondary to disc bulges. Mild disc bulges were also seen at L3-L4 and L4-L5. The prior fusion was seen at L5-S1 and there was ventral impression on the thecal sac that significantly encroached on the left later recess displacing the left S1 nerve root.

R. 17, 413-14. Although not mentioned in the ALJ's decision, the CT scan reflects objective findings supporting the presence of radiculopathy. R. 413-14. Thus, the March 4, 2012 CT scan objectively showed displacement of the S1 nerve root, causing radiculopathy. R. 413-14.

The ALJ's decision then returns to the Claimant's credibility, stating:

>   The [ALJ] finds the claimant's assertions are far in excess of the medical and other evidence of record. The [ALJ] agrees and finds later in this decision that after his second back surgery, the claimant could not return to his past very heavy work. However, the record does not support a finding that the claimant is precluded from performing all work activity. The claimant's testimony regarding his physical inability to work is not entirely credible in light [of] activities of daily living he reported being able to perform. On his function report, the claimant indicated that with breaks he is able to do light cleaning, laundry, and wash dishes. He also stated that is [sic] able to mow his lawn on good days. This is generally consistent with his testimony regarding his activities of daily of living at the hearing. The [ALJ] finds the claimant's subject statement's regarding the need to change positions and the [RFC] includes the option to sit or stand. However, the objective evidence simply fails to document the presence of any impairment that could

>reasonably be expected to result in pain or other symptoms of such a severity or frequency as to preclude the range of work described above.

R. 18-19.  Thus, while the ALJ does credit Claimant's testimony with respect to the inability to perform his past relevant work as a structural steel fabricator and in needing a sit or stand option, the ALJ finds Claimant's subjective statements not credible because: (1) they are inconsistent with his activities of daily living; and (2) the objective medical evidence fails to document the presence of an impairment that could reasonably be expected to result in the pain or symptoms alleged.  R. 18-19.

For the reasons that follow, the ALJ's credibility determination is not supported by substantial evidence.  First, the Eleventh Circuit and district courts therein have stated that engaging in activities of daily living of short duration, including housework or fishing, are not sufficient basis, standing alone to find a claimant's subjective statements not credible.  *See Foote*, 67 F.3d at 1561 (citing to some of claimant's activities of daily living is not sufficient to support conclusion that pain does not affect RFC); *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997) (participation in everyday activities for short periods of time do not disqualify a claimant from disability); *Venette v. Apfel*, 14 F. Supp. 2d 1307, 1314 (S.D. Fla. 1998) ("Housework, light cooking, and light grocery shopping are minimal daily activities," and "are not dispositive evidence of one's ability to perform sedentary work."); *Bennett v. Barnhart*, 288 F. Supp. 2d 1246, 1252 (N.D. Ala. 2003) ("It is not necessary for a plaintiff's pain to render her bed ridden in order for her to disabled.").  Thus, the fact the Claimant admitted to performing some minimal activities of daily living on occasion is not substantial evidence to find Claimant's allegations of disabling pain not credible.  *Id*.

Second, the ALJ's finding that "the objective evidence simply fails to document the presence of any impairment that could reasonably be expected to result in pain or other symptoms

of such a severity or frequency as to preclude the range of work described above" is not supported by substantial evidence." R. 18-19. As the ALJ notes in his decision, the record only contains medical opinions from three sources -- two long-term treating physicians who both opined Claimant has significant limitations precluding substantial gainful activity (R. 287, 353, 355-59, 367) and a non-examining physician who offered an opinion that the ALJ ultimately adopted as the RFC (R. 354). R. 17-18. The only other material medical evidence discussed by the ALJ in the record is the March 4, 2012 CT scan and the April 6, 2012 MRI. R. 17-8, 413-14. As set forth above, the CT scan, which is objective evidence, clearly indicates the presence of radiculopathy, supporting Claimant's allegation of constant pain radiating into his lower extremities. R. 41, 413. Based on the CT scan alone, the ALJ's above statement is not supported by substantial evidence. Moreover, the ALJ's statement is internally inconsistent. Earlier in the decision, the ALJ stated that the "claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms." R. 16. Thus, on the one hand, the ALJ states that the Claimant has an impairment which could reasonably cause his alleged pain and, on the other hand, the evidence fails to document the presence of any impairment which could reasonably cause Claimant's alleged pain. *Compare* R. 16 *with* R. 18-19. Accordingly, the ALJ's credibility determination is not supported by substantial evidence.

## III. <u>REMEDY</u>.

Although Claimant requests a remand for an award of benefits (Doc. No. 13 at 21), where an ALJ's credibility determination is not supported by substantial evidence the proper remedy is a remand for further proceedings. *See Howell v. Astrue*, Case No. 8:10-cv-2175-T-26TGW, 2011 WL 4002557 at *4-5 (M.D. Fla. Aug. 16, 2011) (explaining that based on the "well-established prior panel precedent rule of this Circuit" where the Commissioner fails to provide an adequate

credibility determination, the proper remedy is a remand for further proceedings) (citing *Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir. 1983)).   Thus, the Court will remand the case for further proceedings.[3]

### IV. **CONCLUSION.**

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on July 8, 2014.

*[signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Robert Droker
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building, Suite 400
8880 Freedom Xing Trl
Jacksonville, FL 32256-1224

---

[3] The Court finds this issue dispositive and does not address Claimant's remaining arguments.  *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).